UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                       Case No. 3:10-cv-319-J-99TJC-JRK

J. L. EDMONDSON, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, currently confined at the Reception and Medical Center of the Florida Department of Corrections, is proceeding *pro se* on a civil rights complaint relying on 42 U.S.C. § 1983. He has paid the $350.00 filing fee. The Court notes that 28 U.S.C. 1915A authorizes the screening and dismissal of prisoner lawsuits regardless of the prisoner litigant's fee status. Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000) ("this court joins the Second, Fifth, Sixth, and Seventh Circuits in holding that § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee"). See Lehder v. Mueller, No. 3:01-cv-690-J-20MCR, 2008 WL 2783145, at *1 (M.D. Fla. July 17, 2008) (not reported in F.Supp.2d).

The Court has thoroughly reviewed the Complaint and finds it should be dismissed pursuant to 28 U.S.C. § 1915A as Plaintiff is complaining about judicial decisions made with regard to his post-conviction proceedings.  To the extent that Plaintiff seeks post conviction relief (complaining of unlawful confinement and seeking his release from "unconstitutional confinement"), Plaintiff is actually seeking habeas relief, which he has unsuccessfully done before.

Finally, with regard to Phillip Wayne Edwards, an Assistant Attorney General, prosecutors are entitled to "absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case."  Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and, Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)).  This immunity extends to Attorneys General and Assistant Attorneys General.  Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999).  Thus, Defendant Edwards is absolutely immune from suit in this case.

"The PLRA requires the Court to screen Plaintiff's case to determine whether the Complaint should be dismissed on the basis that it is frivolous or malicious, it fails to state a claim upon which relief may be granted, or it seeks monetary relief from a

defendant who is immune from such relief." Lehder, 2008 WL 2783145, at *1. This case is due to be dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff also filed a Motion for Mandamus (Doc. #3), pursuant to 28 U.S.C. § 1361, asking the Court to enter an order compelling William C. Sherrill, Jr., a United States Magistrate Judge for the United States District Court for the Northern District of Florida, to grant a writ of habeas corpus freeing Plaintiff from confinement based on an unconstitutional conviction.

Plaintiff is not entitled to mandamus relief.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637, 640 (2d Cir. 1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

As recently noted by the Eleventh Circuit:

> A district court has original jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extra ordinary situations." See In re Bellsouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quotation omitted) (reviewing petition for writ of mandamus to disqualify opposing counsel). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (quotations omitted). A writ of mandamus is "only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotations and alteration omitted).

United States v. Jones, No. 09-14592, 2010 WL 935652, at *1 (11th Cir. March 17, 2010) (per curiam) (not selected for publication in the Federal Reporter).

Plaintiff has not met his burden and he has not shown that he is entitled to this drastic remedy. Further, "[a] writ of mandamus is unavailable where there is another means to obtain adequate review." In re Bethesda Memorial Hosp., Inc., 123 F.3d 1407, 1408 (11th Cir. 1997). Here, Plaintiff had other means to obtain adequate review of the decisions of a United States Magistrate Judge.

Therefore, it is now

4

**ORDERED AND ADJUDGED:**

1. Plaintiff's April 27, 2010, Motion for Mandamus (Doc. #3) is **DENIED**.

2. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May, 2010.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

```
sa 4/30
c:
Randall Lamont Rolle
```